JOHN ZIMMER, Appellant, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Respondent.

Supreme Court, Appellate Term, First Department, December, 1921, Term — Filed February, 1922.

**Municipal Court of the city of New York — practice — inquest taken — motion to open default — reinstatement of judgment for plaintiff.**

A Municipal Court action to recover damages alleged to have been caused to plaintiff's automobile by defendant's negligent operation of a street car was commenced in December, 1920, and the defendant demanded a jury trial. On the call of the calendar on October 10, 1921, defendant answered " expect to be ready," but when the case was reached at three-fifteen P. M. on that day, defendant was not ready, had made no attempt to get ready, and an inquest was taken. *Held,* that defendant's only excuse for its default being that its representative who had charge of the Municipal Court calendars for it, had assumed authority to decide that the case could not possibly be reached for trial, an order granting defendant's motion to open its default and to vacate the judgment for plaintiff entered on the inquest will be reversed, with costs, and the judgment reinstated.

APPEAL by plaintiff from an order entered in the Municipal Court, borough of Manhattan, seventh district, which granted defendant's motion to open its default and to vacate a judgment for plaintiff of $750 and costs entered on an inquest.

*Nelson Ruttenberg,* for appellant.

*Alfred T. Davison (Oliver R. Brant, of counsel),* for respondent.

GAVEGAN, J.     Plaintiff brought this action to recover $1,000 for damages to plaintiff's automobile alleged to have been caused by defendant's negligent operation of a street car.

On behalf of plaintiff it is averred that defendant had answered " expect to be ready " on the call of the calendar on October 10, 1921. It appears also that, when the case was reached at three-fifteen P. M. on that day, defendant was not ready, had made no attempt to get ready, and the inquest was taken.

Defendant's only excuse is that the case was far down on the calendar so that its representatives did not think it could be reached on said day and, therefore, made no effort to get ready. One of the affidavits submitted in support of the motion avers that the affiant, who " has charge of the Municipal Court calendars " for defendant's attorneys, " determined that beyond any question of doubt the case could not possibly be reached for trial, and therefore * * * the case was not prepared for trial and the attorney for plaintiff was informed that the defendant would not be ready for trial."

It appears, therefore, that defendant's only excuse for this default is that its representative assumed authority to decide the case would not be reached.

The calendar was under the sole control of the court. Defendant was required to have its witnesses and counsel attend for the trial when the case should be reached. It cannot be said that defendant was not guilty of neglect, for its own papers show that its representatives deliberately and willfully chose to gamble on the condition of the calendar, in defiance of plaint ff's rights and in utter disregard of the court.

From an affidavit verified October 11, 1921, filed for defendant, it appears that, under present conditions, it is difficult to get a trial in a negligence action in the Municipal Court, it being averred " That the defendant has many cases in the Municipal Court throughout the city and since the opening of court this fall has only been able to try three of them, although defendant went to great expense in getting ready in cases which were not reached for trial."

It is to be noted that this action was commenced in December, 1920; and that defendant demanded a jury trial.

The conduct of defendant's representatives indicates a studied and insolent effort to take advantage of present conditions, due to over-crowded calendars, in the Municipal Court, in order to delay plaintiff's recovery and, at the same time, obtain the names of his witnesses as well as an outline of their testimony.

If the order appealed from stands, it will be notice to all that by

suffering a deliberate and willful default, in circumstances like those referred to, advantages may be secured with great disadvantage to the other side; that it may be done with impunity; and that it may result not only in depriving an opponent of the rare opportunity for trying his case, for which he has waited long and anxiously, but may even result in another opportunity for trial being so remote as to lead to his giving up in discouragement and disgust. This method of keeping a party out of his rights is not to be encouraged. It is not only extremely insolent but very unjust.

Order reversed, with ten dollars costs, and judgment reinstated.

Guy, J., concurs; Mullan, J., concurs in the result.

Order reversed, with ten dollars costs, and judgment reinstated.